IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RAMIZ ZIJAD HODZIC,<br>  a/k/a Siki Ramiz Hodzic<br>SEDINA UNKIC HODZIC,<br>NIHAD ROSIC,<br>  a/k/a Yahya Abu Ayesha Mudzahid,<br>MEDIHA MEDY SALKICEVIC, and<br>  a/k/a Medy Ummuluna,<br>  a/k/a Bosna Mexico,<br>ARMIN HARCEVIC,<br><br>      Defendants. | Case No. 4:15-CR-0049 CDP- DDN<br><br>**DEFENDANTS' JOINT REQUEST FOR A LEGAL AND AN EVIDENTIARY HEARING** |

_____

DEFENDANTS' JOINT REQUEST FOR LEGAL AND
EVIDENTIARY HEARING AND A STATUS CONFERENCE

    Defendants request a pretrial hearing under Fed. R. Evid. 104 to decide the legal and evidentiary sufficiency of their law of war defenses based on combatant immunity and the neutrality doctrine. Under Local Rule 73-11.01, "magistrate judges are authorized to set and to conduct hearings . . . on any matter assigned or referred to them." A hearing is necessary in the interest of justice, because Defendants' motion and reply raise novel legal issues and the Government's theory would have wide-ranging consequences.

    This case presents questions that courts have not considered for nearly two hundred years, involving the status of individuals fighting in a foreign civil war to which the United States is not

1

a party.[1] The Government has indicted Defendants under 18 U.S.C. § 2339A for allegedly supporting Abdullah Pazara, who was fighting against the Assad regime in Syria. According to the Government, because the Syrian conflict is a civil war, "there are simply no set of circumstances that could result in Pazara being afforded lawful combatant status or combatant immunity." Doc. 414 at 3. Under the Government's theory, all persons who participated in the Syrian Civil War as part of the opposition—regardless of who they fought for or whether they complied with the laws of war—are guilty of committing or conspiring to commit murder abroad.[2] The Government argues that Defendants' opposition to this theory amounts to a mere policy disagreement. In reality, however, the Government is asking this Court to set aside longstanding precedents of the United States Supreme Court and criminalize conduct that Congress could not possibly have considered when it enacted § 2339A.

Because Defendants' motion and reply raise at least two novel legal issues, this Court should conduct a Rule 104 hearing before accepting the Government's invitation to set aside mandatory authority. First, the motion raises the applicability of the combatant immunity defense in a civil war that the United States has recognized. The Government argues that the Geneva

---

[1] The cases the Government relies on are inapposite. *E.g. United States v. Lindh*, 212 F. Supp. 2d 541 (E.D. Va. 2002); *United States v. Hamidullin*, 114 F. Supp. 3d 365 (E.D. Va. 2015). *Lindh* involved an international armed conflict, so the *Lindh* court did not need to address whether combatant immunity applied in a civil war. *Lindh*, 212 F. Supp. 2d at 546. The *Hamidullin* court did not address the issue, because it assumed *arguendo* that the conflict was an international armed conflict under Article 2 of the Geneva Conventions. *Hamidullin*, 114 F. Supp. 3d at 387 ("[T]his Court need not determine whether the conflict in Afghanistan is international in nature as contemplated by Article 2 of the GPW"). In both cases, the defense urged that the defendants were fighting in a war *against* the United States. *Lindh*, 212 F. Supp. 2d at 546; *Hamidullin*, 114 F. Supp. 3d at 383. Here, the Government alleges that Pazara fought against the Assad regime—that is, on the same side as the United States to the extent the United States has taken a side.

[2] This theory implicates thousands of United States persons who participated in some form in either the Syrian or Libyan conflict. The Government does not dispute, for instance, that, under its reasoning, anyone contributing to the Syrian Support Group violated 18 U.S.C. § 2339A.

2

Conventions supersede precedent from the United States Civil War. But the Geneva Conventions do not address the application of combatant immunity in civil war at all. The Government has pointed to no provision of the Geneva Conventions stating that a High Contracting Party may not apply combatant immunity to recognized belligerents in a civil war. *See The Paquete Habana*, 175 U.S. 677, 700 (1900) (noting that customary international law controls only "where there is no treaty, and no controlling executive or legislative act or judicial decision"). This Court should hold a hearing to resolve whether combatant immunity can apply under these circumstances.

Second, Defendants' motion and reply raise the issue of whether the neutrality doctrine bars the Defendants' prosecution for supporting Pazara's legitimate acts of warfare against the Assad regime. *See United States v. Palmer*, 16 U.S. (3 Wheat.) 610, 635 (1818); *The Santissima Trinidad*, 20 U.S. (7 Wheat.) 283, 337 (1822). The Government did not address Defendants' neutrality doctrine argument at all in its sur-reply. The applicability of the neutrality doctrine in this context is an issue of first impression, because, to Defendants' knowledge, the United States has never before charged defendants with § 2339A for supporting legitimate acts of warfare in a foreign civil war.[3] Thus, this Court should also hold a pretrial hearing to determine whether the neutrality doctrine applies under the facts of this case.

Finally, district courts have regularly conducted legal and evidentiary hearings to determine whether the combatant defense applies, despite the government's contention in each case that there was no legal basis. *See Hamidullin*, 114 F. Supp. 3d at 370 (holding an evidentiary

---

[3] The United States continues to prosecute violations of the Neutrality Act, which was intended to protect the United States' neutrality in foreign conflicts. The Neutrality Act would likely not apply here, because the United States is not "at peace" with Syria. *United States v. Terrell*, 731 F. Supp. 473, 475 (S.D. Fla. 1989) (holding that the United States was not "at peace" with Nicaragua when it was funding the Nicaraguan Resistance); *United States v. Jack*, 257 F.R.D. 221, 231 (E.D. Cal. 2009) ("[T]he United States is not 'at peace' with another nation when . . . military operations [against the country] are being undertaken or supported covertly by the United States.").

3

hearing at which the court considered evidence outside of the indictment); *Lindh*, 212 F. Supp. 2d at 545 n.1 (referring to the hearing the Court held).

Therefore, Defendants request that this Court hold a legal and evidentiary hearing to determine the applicability of the defenses they raised. Defendants also request a scheduling conference to set dates and times for further proceedings. Counsel has spoken to AUSA Matthew Drake, and learned that the government agrees to the setting of a scheduling conference but continues to believe that an evidentiary hearing is unnecessary.

Dated: January 17, 2018,

                                    Respectfully submitted,

                                    */s/ Charles D. Swift*
                                    Charles D. Swift
                                    Pro Hac Attorney for Defendant Harcevic
                                    TX State Bar No. 24091964
                                    Constitutional Law Center for Muslims in America
                                    833 E Arapaho Rd, Suite 102
                                    Richardson, TX  75081
                                    (972) 914-2507
                                    cswift@clcma.org

                                    */s/ Catherine McDonald*
                                    Catherine McDonald
                                    Pro Hac Attorney for Defendant Harcevic
                                    TX State Bar No. 24091782
                                    Constitutional Law Center for Muslims in America
                                    833 E Arapaho Rd, Suite 102
                                    Richardson, TX  75081
                                    (972) 914-2507
                                    cmcdonald@clcma.org

                                    */s/ Diane Dragan*
                                    Diane Dragan, Assistant Fed. Public Defender
                                    Attorney for Defendant Ramiz Hodzic
                                    1010 Market St., Suite 200
                                    Saint Louis, Missouri 63101
                                    Telephone: (314) 241-1255
                                    Facsimile: (314) 421-3177
                                    Diane_Dragan@fd.org

*/s/ Kevin Curran*
Kevin Curran, Assistant Fed. Public Defender
Attorney for Defendant Ramiz Hodzic
1010 Market St., Suite 200
Saint Louis, Missouri 63101
Telephone: (314) 241-1255
Facsimile: (314) 421-3177
Kevin_Curran@fd.org

*/s/ JoAnn Trog*
JoAnn Trog            42725MO
Attorney for Defendant Rosic
121 West Adams Ave.
Saint Louis, Missouri 63122-4022
Telephone:   314-821-1111
Facsimile:    314-821-9798
jtrogmwb@aol.com

*/s/Paul J. D'Agrosa*
Paul J. D'Agrosa (#36966MO)
Attorney for Defendant Sedina Hodzic
7710 Carondelet, Suite 200
Clayton, Mo. 63105
(314) 725-8019
(314) 725-8443 Fax
Paul@wolffdagrosa.com

*/s/ Andrea E. Gambino*
Andrea E. Gambino
Law Offices of Andrea E. Gambino
Co-Counsel for Defendant Mediha Salkicevic
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois  60604
(312) 322-0014 or (312) 952-3056
fax:  (312) 341-9696
agambinolaw@gmail.com

*/s/ J. Christian Goeke*
J. Christian Goeke #39462MO
Co-counsel for Defendant Mediha Salkicevic
7711 Bonhomme Avenue
Suite 850
Clayton, MO 63105
(314) 862-5110
(314) 862-5943- Facsimile
chris@jcgoekelaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendants' Joint Request for a Legal and an Evidentiary Hearing was electronically filed and served on the Court's electronic filing system:

DATED this 17th day of January, 2018.

>*/s/ Charles D. Swift*
>Charles D. Swift
>Pro Hac Attorney for Armin Harcevic
>833 – E. Arapaho Rd., Ste. 102
>Richardson, TX  75081
>Tel: (972) 914-2507
>Fax: (972) 692-7454
>cswift@clcma.org