IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RAMIZ ZIJAD HODZIC,<br>　a/k/a Siki Ramiz Hodzic<br>SEDINA UNKIC HODZIC,<br>NIHAD ROSIC,<br>　a/k/a Yahya Abu Ayesha Mudzahid,<br>MEDIHA MEDY SALKICEVIC, and<br>　a/k/a Medy Ummuluna,<br>　a/k/a Bosna Mexico,<br>ARMIN HARCEVIC,<br><br>　　　　Defendants. | Case No. 4:15-CR-00049 CDP- DDN<br><br>**DEFENDANTS' JOINT REQUEST FOR FOREIGN DEPOSITIONS UNDER FED. R. CRIM. P. 15(a)** |

_____

<u>DEFENDANTS' JOINT REQUEST FOR FOREIGN
DEPOSITIONS UNDER FED. R. CRIM. P. 15(a)</u>

　　　　For the following reasons, Defendants move to take the depositions of Jasmin Jaservitch and Ibrahim Delic in Bosnia under Federal Rule of Criminal Procedure 15(a).

**Factual Background**

　　　　The Government charged the Defendants in this case with violating and conspiring to violate 18 U.S.C. § 2339A by supporting Ramo Abdullah Pazara. Pazara allegedly fought in Syria against Bashar al-Assad. Defendants' expert, Professor Brian Williams, traveled to Bosnia to interview individuals who were in Syria with Pazara, including Jasmin Jaservitch and Ibrahim Delic.

1

Jaservitch explained that he and Pazara fought under the umbrella of the Free Syrian Army. He reported seeing American weaponry. He also explained that Pazara fought with a group that had a hierarchy and command structure, generally followed the laws of war, carried arms openly, and had uniforms or insignia to distinguish them from the civilian population. Jaservitch shared pictures supporting this information and could authenticate these pictures in a deposition.

He also explained that the Bosnians like Pazara were at the bottom of the hierarchy. Because they were not skilled fighters like the Chechens, they were often assigned guard duty and exaggerated their exploits on Facebook. Their work involved distributing humanitarian aid, performing guard duty, and acting as auxiliaries.

Ibrahim Delic, who provided religious guidance to Pazara in Syrian, corroborated the information provided by Jaservitch. Delic explained that the Bosnians fighting in Syria were moderate. They were fighting against what they regarded as Assad's brutality. Delic reinforced Jaservitch's account of the Bosnians as third-rate guards who were not regularly involved in combat. They provided meals for the Bosnian unit.

Jaservitch and Delic are Bosnian citizens living in Bosnia. In light of the Government's stance that all fighting in Syria, regardless of context, is murder, the Government would not likely allow Delic and Jaservitch into the United States for trial.

**Arguments and Authorities**

**I.      In accordance with Rule 15, Defendants have established that Jaservitch and Delic are unavailable for trial and can give material testimony.**

This Court should allow the foreign deposition of Jaservitch and Delic. Under Federal Rule of Criminal Procedure 15(a), a party may "move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." In the Eighth Circuit, a party proves "exceptional circumstances" by

2

showing (1) the "witness's unavailability" and (2) "the materiality of the witness's testimony." *United States v. Althouse*, No. CR08-1323, 2009 U.S. Dist. LEXIS 24082, at *14 (N.D. Iowa Mar. 20, 2009) (quoting *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007)). The purpose of Rule 15 is to preserve testimony for trial when it's likely the witness will not be available to testify. *Cannon*, 475 F.3d at 1022. Courts have substantial discretion in determining whether a deposition is in the interests of justice. *See e.g.*, *United States v. Hulstein*, No. CR09-4028-MWB, 2010 U.S. Dist. LEXIS 54573, at *2 (N.D. Iowa June 3, 2010) (holding a deposition was in the interest of justice without legal analysis).

### A.     Jaservitch and Delic are "unavailable."

Because they are in Bosnia where they cannot be subpoenaed, Jaservitch and Delic are "unavailable" under Rule 15. A witness is unavailable under Rule 15 if the witness is overseas and refuses to come to the United States. *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *United States v. Allie*, 978 F.2d 1401, 1405 (5th Cir. 1992). In *Johnpoll*, the government sought testimony from four witnesses in Switzerland. *Johnpoll*, 739 F.2d at 707. One of the witnesses refused to come to the United States voluntarily. *Id.* at 708. The three other witnesses declined to come unless the government paid them a substantial amount of money. *Id.* at 707. Under these circumstances, the district court allowed a Rule 15 deposition. *Id.* at 708.

The Second Circuit held that the district court properly granted the deposition. *Id.* at 710. The court first noted that, "being Swiss nationals in Switzerland, [the witnesses] were not amenable to service of United States process, either by statute or treaty." *Id.* at 709. Then, the court explained that the government couldn't be required to pay more than the 28 U.S.C. § 1821 statutory witness fees. *Id.* Because one witness refused to come and the others insisted on more money than

3

they were entitled to, the court held that the government was permitted to take a foreign deposition. *Id.*

Similarly, in *Allie*, the Fifth Circuit held that merely being outside the United States was sufficient to render witnesses "unavailable" under Rule 15. The witnesses in *Allie* were undocumented immigrants who would be deported before trial. *Allie*, 978 F.2d at 1405. The *Allie* court held that, "in the case before us, the fact that the witnesses would be released in compliance with the Western District's standing order, and the indications that they were likely to return to Mexico, constituted exceptional circumstances." *Id.* A district court in the Eighth Circuit applied *Allie*, holding that, "[i]f [a witness] is not in the country at the time of trial. . . , then the Court concludes that he would be 'unavailable' within the meaning of Rule 15(a)(1)." *United States v. Elmardoudi*, No. CR06-0112, 2007 U.S. Dist. LEXIS 31790, at *4 (N.D. Iowa Apr. 30, 2007) (citing *Allie*, 978 F.2d at 1405); *see also United States v. Osberger*, No. 8:08CR289, 2009 U.S. Dist. LEXIS 15992, at *2 (D. Neb. Mar. 2, 2009) ("The defendant effectively showed that the witness he wishes to depose . . . is an Australian citizen and is therefore unavailable.").

Here, both witnesses are Bosnian citizens living in Bosnia, and both would likely refuse to come to the United States. Moreover, the Government would likely not let them come, even if they wanted to. The Government's position is that anyone who fought in Syria is a murderer, even if the person fought for a group supported by the United States. Finally, Defendants have found no treaty or law that would allow the United States to subpoena these Bosnian witnesses. Thus, the witnesses are "unavailable" in the sense required under Rule 15.

### B. Jaservitch's and Delic's testimony is material.

The witnesses' testimony is also material. To establish materiality under Rule 15, a defendant need not show "that the testimony being sought must surely acquit the defendant."

4

*United States v. Little*, 2014 U.S. Dist. LEXIS 60840, at *3 (S.D.N.Y. Apr. 23, 2014). The defendant need only show that the testimony is "highly relevant to a central issue in the case." *United States v. Grossman*, 2005 U.S. Dist. LEXIS 3135, at *7 (S.D.N.Y. Mar. 1, 2005) (quoting *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)).

Jaservitch's and Delic's testimony is "highly relevant" to at least two central issues in this case. First, their testimony is highly relevant to Defendants' combatant immunity defense. These witnesses lived with Pazara in Syria. They will be able to testify what groups Pazara fought with and whether those groups satisfied the combatant immunity factors. In his O&R, Judge Noce cited information obtained from these witnesses in holding that Defendants had proffered sufficient facts to present the combatant immunity defense at trial. Doc. 429 at 5. He also cited the witnesses' statements about Pazara's activities. *See id.* ("The reports also indicate that Pazara's Bosnian unit was used largely for guard duty and was known to spend some of its time on Facebook or cooking."). The witnesses' testimony is not cumulative, because it is the only firsthand evidence there is about what Pazara did in Syria.

Regardless of whether the combatant immunity defense applies, the witnesses' testimony is also highly relevant to the issue of what Pazara did with the money he allegedly received from the Defendants. Under 18 U.S.C. § 2339A, the Government must prove beyond a reasonable that Defendants intended to support a conspiracy to murder or maim abroad in violation of 18 U.S.C. § 956(a). It is not enough under § 2339A to prove that Defendants supported someone who happened to be involved in a conspiracy to murder or maim overseas. The Government admitted as much in its response to Defendants first motion to dismiss:

> The Government does not argue that any defendant is "to be tried on the general intent allegation that he intended to give support to Pazara with the knowledge that Pazara and others were fighting in Syria, Iraq and elsewhere." Nor does the Government argue that by

5

> providing support to Pazara and others the defendants are guilty because those funds are fungible and Pazara and others could have put that support toward their terrorist goals.
>
> The Government clearly acknowledges its burden . . . to prove that the defendants conspired to provide (Count I), provided and attempted to provide (Count III) material support knowing or intending that such money and property were to be used in preparation for, or in carrying out, the overseas conspiracy to murder or maim.

Doc. 261 at 18.

Evidence that Pazara used money he received for charity and not for murder or maiming is "highly relevant" to Defendants' argument. If Defendants present evidence that Pazara used the money he received to support charity, the Government will have to prove beyond a reasonable doubt that Defendants nevertheless believed Pazara was using the money for something else. Whether or not the Government can ultimately prove this, it is borderline frivolous to argue that the witnesses' testimony is not highly relevant to a central issue.

Courts will grant a Rule 15 for a Defendant when the evidence "would challenge central aspects of the government's allegations." *Grossman*, 2005 U.S. Dist. LEXIS 3135, at *10. For instance, in *Grossman*, the court held that a witness's testimony that the defendant was operating a "legitimate enterprise" and not "an entity constructed as the vehicle for a bribe" was material. *Id.* His testimony was not cumulative, because, unlike the witnesses the Government pointed to, he had firsthand knowledge of the business. *Id.* Here, the witnesses have firsthand knowledge about Pazara's activities in Syria. As in *Grossman*, this knowledge is relevant to key issues in this case, because the Government's entire case revolves around Pazara's activities in Syria.

Because Defendants' expert, Professor Williams, actually interviewed the witnesses, this case is distinguishable from cases in which the defendant did not demonstrate materiality. For instance, in *Osberger*, the court found that the defendant did not demonstrate materiality when the

6

defendant admitted "he does not know what the witness would say, he does not know if the witness would or could add anything material, and he does not know if the witness would even cooperate if he did show up for the deposition." *Osberger*, 2009 U.S. Dist. LEXIS 15992, at *2. Here, by stark contrast, Defendants have established a relationship with the witnesses and can demonstrate that they have material evidence. Accordingly, Defendants have established materiality under the meaning of Rule 15.

**II.     It is in the interests of justice to take Jaservitch's and Delic's depositions.**

This Court should also hold that the depositions are in the interest of justice. "In general, testimony 'is necessary to prevent a failure of justice' [i.e., in the interest of justice] when the witness is unavailable, his testimony is material, and there are no substantial countervailing factors militating against the taking of the deposition." *Grossman*, 2005 U.S. Dist. LEXIS 3135, at *7 (quoting *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001)). In practice, courts have substantial discretion to decide if depositions are in the interest of justice. *See Althouse*, 2009 U.S. Dist. LEXIS 24082, at *19 (holding, without analysis, that a witness's deposition was "in the interest of justice").

As shown above, the witnesses are unavailable and their testimony is material. There are no "countervailing factors militating against the taking of the deposition." Because Defendants are requesting the depositions rather than the Government, the depositions do not implicate Defendants' constitutional rights under the Sixth Amendment. *C.f. Elmardoudi*, 2007 U.S. Dist. LEXIS 31790, at *5 (considering the defendant's rights under the Confrontation Clause in determining if a government deposition under Rule 15 was in the interest of justice). Accordingly, exceptional circumstances justify the depositions and they are in the interest of justice. Defendants request that this Court grant their requests.

7

Counsel for Armin Harcevic has spoken with the AUSA on this case, Matthew Drake, and the government takes no position on this request.

Dated: July 20, 2018

                              Respectfully submitted,

                              */s/ Charles D. Swift*
                              Charles D. Swift
                              Pro Hac Attorney for Defendant Armin Harcevic
                              TX State Bar No. 24091964
                              Constitutional Law Center for Muslims in America
                              833 E Arapaho Rd, Suite 102
                              Richardson, TX  75081
                              (972) 914-2507
                              cswift@clcma.org

                              */s/ Catherine McDonald*
                              Catherine McDonald
                              Pro Hac Attorney for Defendant Armin Harcevic
                              TX State Bar No. 24091782
                              Constitutional Law Center for Muslims in America
                              833 E Arapaho Rd, Suite 102
                              Richardson, TX  75081
                              (972) 914-2507
                              cmcdonald@clcma.org

                              */s/ Diane Dragan*
                              Diane Dragan, Assistant Fed. Public Defender
                              Attorney for Defendant Ramiz Hodzic
                              1010 Market St., Suite 200
                              Saint Louis, Missouri 63101
                              Telephone: (314) 241-1255
                              Facsimile: (314) 421-3177
                              Diane_Dragan@fd.org

                              */s/ Kevin Curran*
                              Kevin Curran, Assistant Fed. Public Defender
                              Attorney for Defendant Ramiz Hodzic
                              1010 Market St., Suite 200
                              Saint Louis, Missouri 63101
                              Telephone: (314) 241-1255
                              Facsimile: (314) 421-3177
                              Kevin_Curran@fd.org

*/s/ JoAnn Trog*
JoAnn Trog           42725MO
Attorney for Defendant Rosic
121 West Adams Ave.
Saint Louis, Missouri 63122-4022
Telephone:    314-821-1111
Facsimile:     314-821-9798
jtrogmwb@aol.com


*/s/ Kim C. Freter*
Kim C. Freter #47777MO
Attorney for Sedina Hodzic
225 S. Meramec, Ste. 1100
Clayton, MO 63105
Phone:  314-721-6565
Fax:     314-269-1042
kimfed@freterlaw.com

*/s/ Andrea E. Gambino*
Andrea E. Gambino
Law Offices of Andrea E. Gambino
Co-Counsel for Defendant Mediha Salkicevic
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois  60604
(312) 322-0014 or (312) 952-3056
fax:  (312) 341-9696
agambinolaw@gmail.com

*/s/ J. Christian Goeke*
J. Christian Goeke #39462MO
Co-counsel for Defendant Mediha Salkicevic
7711 Bonhomme Avenue
Suite 850
Clayton, MO 63105
(314) 862-5110
(314) 862-5943- Facsimile
chris@jcgoekelaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant' Joint Request For Foreign Depositions Under FED. R. CRIM. P. 15(a) was electronically filed and served on the Court's electronic filing system:

DATED this 20th day of July, 2018.

        */s/ Charles D. Swift*
        Charles D. Swift
        Pro Hac Attorney for Armin Harcevic
        833 – E. Arapaho Rd., Ste. 102
        Richardson, TX  75081
        Tel: (972) 914-2507
        Fax: (972) 692-7454
        cswift@clcma.org