UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15 CR 00049 CDP DDN |
| ) | |
| RAMIZ ZIJAD HODZIC, ) | |
|     a/k/a Siki Ramiz Hodzic, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' SENTENCING MEMORANDUM AND
RESPONSE TO DEFENDANT'S OBJECTIONS**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Matthew T. Drake, Howard Marcus, and Kenneth Tihen, Assistant United States Attorneys for said District, and submit the following Response to Defendant Ramiz Hodzic's Objections to the Presentence Report prepared by the United States Probation. The Government states as follows:

**I.     Procedural History**

On February 5, 2015, criminal proceedings were initiated against Defendant Ramiz Hodzic. By way of an Indictment, Defendant Hodzic was charged in two counts for violations of Title 18, United States Code, Section 2339A; Count one being a conspiracy to provide material support in furtherance of specified law violations, and Count 3 being a substantive violation of Section 2339A. He was also charged in Count three with a violation of Title 18, United States Code, Section 956, conspiracy to murder or main persons abroad.

1

On April 3, 2019, pursuant to a written plea agreement, Defendant Hodzic, pled guilty to Counts 1 and 3.

On June 3, 2019, co-defendant Armin Harcevic filed an extensive Sentencing Memorandum and objections to the PSR filed in his case. (Doc. 557). Also on June 3, 2019, the Government filed a Sentencing Memorandum. (Doc. 568)  On June 4, 2019, co-defendant Harcevic filed a Reply to the Government's Memorandum (Doc. 571).

On July 19, 2019, Defendant Hodzic filed objections to the PSR prepared for his case. Because the arguments made by defendants Harcevic and Hodzic in their respective pleadings were so similar, as detailed further below, the Court scheduled a joint hearing for August 8, 2019.

On November 11, 2019, Defendant Hodzic filed a Sentencing Memorandum and sentencing letters.

## II.     Defendants' Objections

The Defendant asserts four primary objections to the Presentence Report ("PSR").  First, he objects to the PSR's application of "12 additional points under the 'victim related adjustment' in §3A1.4(a) and (b) of the United States Sentencing Guidelines."  In the same argument, Defendant Hodzic also objects to the PSR's increase of the Defendant's criminal history category to level VI.  Defendant Hodzic claims these adjustments are unreasonable, irrational and arbitrary. While not a direct objection, as part of this argument, the Defendant requests a variance or downward departure from the guidelines in formulating a sentence. Def. Obj. para. 1-5

Second, Defendant Hodzic "joins in the objection of defendant Armin Harcevic contained at Section IV (c) and (d) of his objections to the presentence investigation to application of the

2

terrorism enhancement under the facts of this case. See Document 546, pages 11-15. That objection states that the enhancement is not applicable because the offenses relate to providing support to fighters targeting Assad forces, that the Assad forces did not constitute a lawful government, that the United States had recognized." Def. Obj. para. 6

Third, Defendant Hodzic objects to the PSR's inclusion of historical and contextual information concerning the situation in Syria and the various insurgent and terrorist groups that operated in the region during the time of the conspiracy. Def. Obj. para. 8

Fourth, Defendant Hodzic objects to terminology used in the PSR to refer to conspirators that received material support from Defendant Hodzic. The Defendant also objects to the fact that the PSR concluded he and other conspirators used coded language. Def. Obj. para 10-11.

In this Memorandum the Government will address each of these objections.

### III.     United States Sentencing Guidelines Victim Related Adjustment – Section 3A1.4

Defendant Hodzic's first and second arguments concerning the applicability of § 3A1.4 have previously been addressed and decided by this Court. As noted in the procedural history section, on August 8, 2019, this Court held an extensive hearing concerning the applicability of § 3A1.4 as it relates to the facts of the case and what constitutes a "government" with the meaning of § 3A1.4. Prior to the hearing the Court received lengthy briefs from the parties that included exhibits, evidence, and facts related to the factual and legal application of § 3A1.4. *See* Doc. 557 (Defense Memorandum), Doc. 568 (Government Memorandum), and Doc. 571 (Defense Reply).

On August 8, 2019, this Court held a joint and consolidated sentencing hearing to hear oral argument on the applicability of § 3A1.4. The Court heard argument from Defendant Hodzic and

co-defendant Armin Harcevic. The Court also received additional evidence at the hearing. At the conclusion of the hearing, this Court made specific and detailed findings of fact and conclusions of law. (ECF 621). The Government will not reiterate and restate those legal arguments, or the evidence and facts concerning these arguments. Rather, the Government respectfully incorporates those matters herein by reference.

In addition to those arguments, Defendant Hodzic also entered into a Plea Agreement. In the plea agreement Defendant Hodzic admitted that he knew co-conspirator Pazara "entered into Syria with the initial intent of engaging in combat against armed forces and personnel who supported the Syrian Government of Bashar al-Assad and others." He also admitted "Pazara would continue to engage in combat against various entities and personnel in Syria and elsewhere including the government of Bashar al-Assad." (Plea Agreement p. 4) The Defendant further agreed that he "knowingly and willfully joined the agreement with the intent to further its purpose."

Also in the plea agreement, Defendant Hodzic admitted that he "committed overt acts identified in the indictment." Id. The indictment alleged that Defendant Hodzic (and his conspirators) supported Pazara and others by soliciting money and supplies and providing the same to Pazara and others who were fighting in Syria, Iraq, and elsewhere in support of the designated foreign terrorist organizations identified in the Indictment. Thus, by his own words, Defendant Hodzic knew he was supporting a conspiracy calculated to influence or affect the conduct of a government, namely Syria, by intimidation or coercion, or to retaliate against government conduct. Inasmuch as this Court heard, addressed and decided these arguments and for these reasons, the

4

Government respectfully requests that the Court overrule the Defendant's objections on these issues.

### III.  Inclusion of Historical and Contextual Language and Information in the PSR

The defense argues to strike paragraphs 18 to 22 from the PSR because they are inapplicable to Defendant Hodzic. This is incorrect.

First, the cited paragraphs provide background and context for the Court. The PSR does not assert or conclude that Defendant Hodzic knew all of the information contained in the paragraphs. Rather, the facts outlined in the paragraphs provide a background and historical context as well as a factual basis for some of the allegations contained in the Indictment. Further, they give this Court detail and information to permit the Court to make informed rulings and levy an appropriate sentence.

Second, this Court has previously heard this argument from other co-defendants in this case. Following those arguments (and similar objections) this Court ruled that the paragraphs were well founded and properly included in other PSRs. For these reasons, the Government respectfully requests that the Court overrule the Defendants' objections on this issue.

### IV.  Terminology Objections

The Defendant objects to the PSR finding and characterization that Defendant Hodzic provided material support to Pazara and "other foreign fighters" because they "seem to broaden Ramiz Hodzic's support." Def. Obj. para 10  The Government contends the PSR is accurate. The Defendant is certainly correct that "he was aware that supplies that he sent would be used by those other than Pazara" and that "his primary support was for Pazara and the men in the unit." Def. Obj

5

para 10  However,  Defendant Hodzic admitted in his plea agreement that he "agreed with Abdullah Ramo Pazara, *and others* that Pazara would continue to engage in combat against various entities and personnel in Syria and elsewhere including the government of Bashar al-Assad." (emphasis added) Plea Agreement at 4.  He also admitted that "on numerous occasions, Hodzic purchased support and supplies identified in the indictment and sent or shipped those items and money *to Pazara and others* in Syria." (emphasis added)  Id. Based on the extensive factual record before this Court, it is clear that the material support Ramiz Hodzic and his co-conspirators provided went to, and was received by, Pazara and other foreign fighters who were operating in Syria and elsewhere in the region.  Furthermore, the fact Pazara and other fighters who he was with were alleged in Counts 1 and 3 of the Indictment; the counts to which Defendant Hodzic pled guilty.

Lastly, Defendant Hodzic objects to the PSR's finding that he spoke in coded language. Def. Obj. para 11  First, notably, paragraph 38 of the PSR refers to members of the conspiracy at large, not just Defendant Hodzic.  Second, the Defendant is again correct that typically "[h]is activities were largely public and conducted on open social media." Id.  Similarly, it is also correct that some phrases and words were common terms in his native language.  However, it is also accurate that members of the conspiracy regularly used and spoke in terms that were designed to obfuscate. This fact and conclusion in the PSR is supported by the factual record before this Court. For example, members of the conspiracy used the terms such as: "brothers" to refer to Pazara and other fighters they supported;  "action(s)," to refer to combat and battles, as well as fundraising drives to collect money for Pazara and others;  "lions," to refer to the foreign fighters they supplied;

"booty" to refer to weapons; "dogs" to refer to Syrian soldiers. Similarly, co-defendant Ramic admitted in her plea that she could send money to Pazara via "W*****n U****" as a reference to Western Union. Later, co-defendant Ramic accomplished the transfer by sending money to Defendant Hodzic through Western Union. Finally, the coded language was a fact alleged in Counts 1 and 3 of the Indictment, the counts to which Defendant Hodzic pled guilty.

## VII.   Sentencing Factors

Defendant Hodzic filed a detailed sentencing memorandum outlining numerous factors listed in Title 18, United States Code, Section 3553. In *United States v. Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history. Second, the Court should determine if any guideline departures apply. Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Haack*, 403 F.3d at 1002-1003.

Section 3553(a) lists the following relevant factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

7

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   3) the kinds of sentences available;

   4) the kinds of sentences and the sentencing range established for –

      (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines . . .

   5) any pertinent policy statement –

      (A) issued by the Sentencing Commission . . .

   6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . .

The nature and circumstances of offenses Defendant Hodzic pled guilty to are extremely serious. Based on prior hearings and other co-defendants who have pled guilty and been sentenced, this Court is well aware of the facts and circumstances concerning the criminal activity alleged in the indictment. In his memorandum, Defendant Hodzic indicated that he knew how difficult it was to be in a combat and in a time of war without adequate support. He further indicated that due to his personal background, experience and history he wanted to support his long time friend, Pazara, during such experiences. That certainly was the case and is reflected on paragraph 33 of the PSR. It was also the case that Defendant Hodzic believed in supporting his friend so much so that recruited others to help him provide for Pazara. However, Defendant Hodzic knew that Pazara, his friend, was engaged in extremely violent activities that, to use Pazara's words, included killing or "slaughtering" prisoners and using people as chattel. Defendant Hodzic regularly talked to Pazara about all of his activities in Syria and Iraq which included descriptions of combat and missions he carried out. Defendant Hodzic admitted in his plea agreement that he knew Pazara's conduct in Syria "necessarily involved the unlawful, willful, deliberate, and premeditated killing

8

of human beings, with malice aforethought, as those terms are used and defined in 18 U.S.C. § 1111." Plea Agreement p. 4   Defendant Hodzic also knew that Pazara became a commander of other persons who were fighting in Syria, and that Pazara affiliated himself with ISIS.  The Defendant supported that decision so much so that he wore a shirt with the ISIS written across the chest.  As the PSR also accurately states, Pazara himself said "We are Terrorists because terror is (intimidation of enemies), our requirement outlined in Allah's Book. So that the east and west know that we are TERRORISTS and that they need to fear us." [sic]  PSR para 35.   Any sentence levied in this case must be serious enough to provide just punishment, afford adequate deterrence and protect the public.

## VIII.  Conclusion

WHEREFORE, for the Government respectfully requests that the Court consider and adopt the facts and evidence previously outlined and adopt the PSR as its findings of fact and conclusions of law.

Respectfully Submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Matthew T. Drake*
MATTHEW T. DRAKE – 46499MO
Assistant United States Attorney

*/s/ Howard J. Marcus*
HOWARD J. MARCUS – 29756MO
Assistant United States Attorney

*/s/ Kenneth R. Tihen*
KENNETH R. TIHEN – 37325MO
Assistant United States Attorney

9

## CERTIFICATE OF SERVICE

  The undersigned certifies that a true and correct copy of the United States' Sentencing Memorandum and Response to Defendant's Objections was provided to defense counsel via electronic mail and will be electronically filed and served on the Court's electronic filing system.

  Dated:  November 12, 2019

            JEFFREY B. JENSEN
            United States Attorney

            */s/ Matthew T. Drake*
            MATTHEW T. DRAKE – 46499MO
            Assistant United States Attorney